UNITED STATES DISTRICT COURT

FOR THE DISTRICT COURT OF IDAHO

| | |
|---|---|
| JUAN JOSE VALENZUELA,<br><br>Defendant-Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent. | Case Nos.:  1:20-cv-00246-DCN<br>                   1:17-cr-00244-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Pending before the Court is Defendant-Petitioner Juan Jose Valenzuela's Motion Requesting Sentencing Transcript (CR 163),[1] Second Request for Discovery (CV 5), and Motion for Stay of Proceedings (CR 162), along with Plaintiff-Respondent United States of America's (the "Government") Motion to Extend Time to Answer (CV 7). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

For the reasons outlined below, the Court finds good cause to DENY Valenzuela's Request for Sentencing Transcript, GRANT in PART and DENY in PART Valenzuela's

---

[1] In this Order, "CR" is used when citing to the criminal case record (1:17-CR-00244-DCN) and "CV" is used to cite to the record in the civil case (1:20-CV-00246-DCN).

MEMORANDUM DECISION AND ORDER-1

Second Request for Discovery, DENY Valenzuela's Motion for Stay of Proceedings, and GRANT the Government's Motion to Extend Time to Answer.

## II. BACKGROUND

On May 15, 2020, Valenzuela filed a request for a copy of the transcript of the sentencing hearing held on May 14, 2019. CR 163. Valenzuela contends he needs the transcripts to prepare support for his pending 28 U.S.C. § 2255 Motion. The same day, Valenzuela filed his § 2255 Motion (CR 164; CV 1) and the pending motion to stay the proceedings (CR 162). On June 11, 2020, Valenzuela filed his second request for the sentencing transcript as well as a copy of the case docket. CV 5.

The Government did not respond directly to Valenzuela's motions. However, on June 22, 2020, the Government filed the pending motion for extension of time to file an answer to Valenzuela's § 2255 Motion. CV 7. In it, the Government indicated that it is in the process of ordering transcripts for the February 5, 2019 change of plea hearing and the May 14, 2019 sentencing hearing. The Government argues that both the change of plea and the sentencing hearings are likely to demonstrate that Valenzuela knowingly and voluntarily waived his right to appeal. CV 7, at 2. It did not address whether it objected to providing Valenzuela with copies of the transcripts.

## DISCUSSION

### A. Valenzuela's Requests for the Sentencing Hearing Transcript (CR 164, CV 5)

A federal prisoner does not have an absolute right to transcripts of his criminal proceedings in order to prepare a § 2255 motion. *See United States v. MacCollum*, 426

MEMORANDUM DECISION AND ORDER-2

U.S. 317 (1976). However, after a § 2255 motion is filed, a transcript may be furnished to a prisoner at Government expense *if* (1) the prisoner is entitled to proceed *in forma pauperis*, *and* (2) the Court certifies that the claim raised in the § 2255 proceeding is not frivolous and the transcript is needed to decide the motion. *See* 28 U.S.C. § 753(f).

Valenzuela has not requested *in forma pauperis* status. There is no fee for filing a § 2255 motion. Therefore, there is no need to file an *in forma pauperis* affidavit at the commencement of a § 2255 proceeding. However, it is advisable to file it so there will be no need for an indigency adjudication later in the proceedings if it becomes necessary to appoint counsel or grant Defendant any other rights to which an indigent is entitled such as provision of transcripts. *See* Advisory Committee Notes to Rule 3 of Rules Governing Section 2255 Proceedings.

The Court will direct the Clerk of Court to send Valenzuela a Prisoner Application to Proceed *in Forma Pauperis* form. He should return the completed form to the Court together with any required financial statements (*e.g.*, a prisoner trust account statement) as directed on the form.

If Valenzuela were to apply and qualify for *in forma pauperis* status, the Court would, nevertheless, need to make the requisite certification that the transcript of the May 14, 2019 sentencing hearing is necessary to decide the issues presented in his § 2255 Motion. Valenzuela argues that (1) he maintains his original objections to the Presentencing Report; (2) the Court denied him due process by not striking certain statements in his Presentencing Report; and (3) the Court incorrectly calculated the sentencing range pursuant to the United States Sentencing Guidelines (and the sentence

MEMORANDUM DECISION AND ORDER-3

imposed was greater than the sentence "specified by counsel"). CV 1, at 5, 6, 8. Valenzuela has not expressly alleged ineffective assistance of counsel or raised any plea hearing issues. At this time, the Court is not convinced the transcript of the May 14, 2019 sentencing hearing is necessary to decide the issues. The Presentencing Report and a copy of the Minute Entry of the Proceedings (Dkt. 157) should be sufficient. Because the May 14, 2019 sentencing transcript does not appear to be required to resolve the sentencing claims, the Court would have denied his requests for the sentencing transcript even if he had applied for and qualified for *in forma pauperis* status.

The Court therefore DENIES Valenzuela's first request for his sentencing transcript (CR 163) and DENIES in PART and GRANTS in PART Valenzuela's second request for the sentencing transcript and a copy of the case docket (CV 5). The Court will direct the Clerk of Court to forward a copy of the docket and a copy of the Minute Entry of the Proceedings (CR 157) to Valenzuela. However, Valenzuela is not entitled to the sentencing transcript at this time absent the Government's ordering it. The Court will direct the Clerk of Court to forward to Valenzuela copies of both the change of plea transcript and the sentencing hearing transcripts if they are ordered by the Government to defend the § 2255 Motion. In other words, Valenzuela is not entitled at this time to those transcripts under 28 U.S.C. § 753(f), but the Court will order that he be provided a copy of each transcript requested by the Government.

### B. Valenzuela's Motion to Stay the Proceedings (CR 162)

Valenzuela filed a motion for a stay of the proceedings pending his review of the sentencing transcript in order to amend or add claims to his § 2255 Motion pursuant to

MEMORANDUM DECISION AND ORDER-4

"Rule 62(a)(b)(2)" of the Federal Rules of Civil Procedure. CR 162. While Rule 62(a)[2] and 62(b)[3] exist, there is no Rule 62(a)(b)(2). Rule 62(b) seems irrelevant, so the Court presumes Valenzuela is requesting the Court exercise its power under Rule 62(a) to stay execution of a judgment past 30 days after its entry. However, Rule 62 is inapplicable to what is essentially a request for more time to develop his § 2255 claim. The Court denies Valenzuela's motion for stay of proceedings of the § 2255 action Valenzuela himself initiated.

### C. Government's Motion for Extension of Time to File an Answer (CV 7)

The Government requests a 90-day extension of time to respond to Valenzuela's § 2255 Motion. CV 7. It asserts the extension is necessary for it to (1) order the change of plea and sentencing transcripts and (2) review the transcripts to respond to Valenzuela's motion. It contends it believes the transcripts demonstrate that Valenzuela's claims are false and Valenzuela has waived his stated claims. Thus, the transcripts will lead to judicial efficiency in resolving the case on the merits.

Finding good cause, the Court GRANTS the Government's motion to extend the response deadline by 90 days. Its response to Valenzuela's § 2255 Motion is now due on or before September 22, 2020.

---

[2] "**Automatic Stay.** Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a).

[3] "**Stay by Bond or Other Security.** At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b).

MEMORANDUM DECISION AND ORDER-5

## III.  ORDER

The Court HEREBY ORDERS:

1. Defendant-Petitioner Juan Jose Valenzuela's Motion Requesting Sentencing Transcript (CR 163) is **DENIED**.

2. Valenzuela's Second Request for Discovery (CV 5), is **DENIED** in **PART** and GRANTED in PART. The Clerk of Court is directed to forward Valenzuela a copy of the docket and a copy of the Minute Entry of the Proceedings (CR 157). The Clerk of the Court is also directed to send Valenzuela a Prisoner Application to Proceed *In Forma Pauperis* form.

3. Valenzuela's Motion for Stay of Proceedings (CR 162) is **DENIED**.

4. The Government's Motion to Extend Time to Answer (CV 7) is **GRANTED**. Its response to Valenzuela's § 2255 Motion is due on or before **September 22, 2020**.

DATED: July 7, 2020

_____
David C. Nye
Chief U.S. District Court Judge