UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUAN JOSE VALENZUELA, Jr., et al.,<br><br>Defendant. | Case No. 1:17-cr-00244-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendant Juan Jose Valenzuela Jr.'s Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A). Dkts. 166, 169, 186.[1] The time for briefing has now elapsed, and the matter is ripe for the Court's consideration.

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion and amended motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, the Court finds good cause to DENY Valenzuela's Motion for the reasons below.

---

[1] To be clear, Dkt. 166 is Valenzuela's original Motion to Reduce Sentence, and Dkt. 169 is his amended motion to that same end. And Dkt. 186 is almost a word for word copy of Dkt. 166 filed in civil court. Throughout the rest of this Order, the Court refers to them as one motion.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

Valenzuela pled guilty to the sole count of an indictment on conspiracy to distribute methamphetamine and marijuana, violating 21 U.S.C. § 841(a)(1). Dkt. 158, at 1. On May 15, 2019, the Court sentenced Valenzuela to a term of 235 months of prison and five years of supervised release. *Id.* at 2. He is currently serving his term of incarceration at the Federal Correctional Institution in Florence, Colorado ("FCI Florence"). On August 2, 2017, Valenzuela was arrested in a hotel room in Boise and charged with attempted strangulation and possession of a controlled substance (felony and misdemeanor charges, respectively). Dkt. 153, at 4.

During his time in jail, law enforcement personnel recorded several phone calls made by Valenzuela. *Id.* Due to the content of these phone calls, it became apparent to law enforcement that Valenzuela was orchestrating a drug deal in which he and his cohorts would obtain just shy of five pounds of methamphetamine and just over eight pounds of marijuana. *Id.* at 5. Unfortunately for Valenzuela, his nefarious symphony crescendoed sooner than anticipated when law enforcement officers stopped and searched the vehicle of Valenzuela's co-conspirators. *Id.* at 5.

While Valenzuela did receive credit for accepting responsibility on his Presentence Investigation Report (Dkt. 153), he also received an enhancement for his role as the conspiracy leader. *Id.* at 6. Furthermore, the Court takes note of Valenzuela's considerable criminal history spanning most of his adult life. *Id.* at 7–11.

Valenzuela now seeks to move the Court to reduce his sentence. Dkts. 166, 169, 186. He seeks a reduction in his sentence under the First Step Act ("FSA"), which allows

a court to modify a sentence under certain circumstances.[2]

### III. LEGAL STANDARD

To modify a term of imprisonment, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Next, a district court may modify terms of imprisonment only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id.* If the latter criteria are met, the district court must then consider the sentencing factors outlined in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *see also United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

Additionally, the Ninth Circuit has recently held that U.S.S.G. § 1B1.13 is not binding on courts as to § 3582(c)(1)(A) as revised by the FSA; however, it "may inform the district court's discretion." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

### IV. DISCUSSION

**A. Exhaustion of Administrative Remedies**

The FSA allows a motion for modification by either the Director of the BOP; or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [B.O.P.] to bring a motion on the defendant's behalf or the lapse of 30 days

---

[2] "Prior to the passage of the FSA, only the Director of the Bureau of Prisons . . . could file a motion for compassionate release, and that very rarely happened." *United States v. Shields*, No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *1 (N.D. Cal. June 4, 2019) (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 1472320, at *1 (D.N.M. Apr. 3, 2019). The FSA amended 18 U.S.C. § 3582(c)(1)(A) to permit modification of a term of imprisonment upon motion of the Director of the BOP or upon motion of the defendant after the defendant has exhausted his or her administrative rights. FSA, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). In addition, "[e]xhaustion occurs when the BOP denies a defendant's [motion for compassionate release]." *United States v. Mondaca*, No. 89-cr-0655 D.M.S., 2020 WL 1029024, at *2 (S.D. Cal. March 3, 2020).

Valenzuela offers nothing to indicate that he has petitioned the BOP to modify his prison term. Therefore, the Court will DENY Valenzuela's Motion because he has not exhausted his administrative remedies. However, even if Valenzuela had exhausted his administrative remedies, the result would nonetheless be the same.

### B. Extraordinary and Compelling Reasons

If an individual has exhausted all of their administrative remedies, which Valenzuela has not, a court must next consider whether there are "extraordinary and compelling reasons" that warrant a permanent reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Additionally, the court must decide if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Valenzuela bears the burden of establishing that compelling and extraordinary reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

"Extraordinary and compelling reasons" are defined as (A) medical conditions of the defendant that limit the inmate's ability to provide self-care; (B) age of the defendant; (C) certain family circumstances; or (D) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories. 18 U.S.C. § 3582(c)(1)(A); *see also* §1B1.13 (United States Sentence Commission: Reduction

MEMORANDUM DECISION AND ORDER - 4

in Terms of Imprisonment Commentary.)

Again, Valenzuela offers nothing to suggest that his situation presents extraordinary or compelling reasons that warrant a reduction in his sentence. Valenzuela is 48 years old and "reported [that] he is generally healthy," Valenzuela also "reported no other serious prior illness or injuries" at the time of his incarceration, nor does he advance any now. Dkt. 153, at 13. He also does not convince the Court of any other reason that justifies his request. Simply put, Valenzuela has not met his burden.

### C. Factors to Be Considered Under 18 U.S.C. § 3553(a).

In addition to analyzing whether "extraordinary and compelling" circumstances exist, a court must also examine the factors detailed in 18 U.S.C. § 3553(a). Those factors include the purposes of sentencing, which are: "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;(B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant; and(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Valenzuela's role as the leader of a conspiracy that dealt in *pounds* of methamphetamine and marijuana reflects the seriousness of the crime—running the conspiracy while behind bars is the zenith of lack of respect for the law. In light of Valenzuela's substantial criminal history, reducing his sentence would run contrary to the need to protect the public from future crimes of Valenzuela and would serve as an inadequate deterrent. Reducing Valenzuela's sentence would fly in the face of the policy rationales set out in § 1B1.13.

Because Valenzuela has not exhausted his administrative remedies, has not met his

burden of showing extraordinary and compelling reasons to justify a reduction in his sentence, and has not shown how a reduction of his sentence would comport with the factors a court must consider, the Court will DENY Valenzuela's Motion to Reduce Sentence.

## V. CONCLUSION

Valenzuela's Motion primarily rests on the theory that his sentence is too high because he was not the one who possessed the drugs during the traffic stop. He points out that he wasn't even at the "scene of the crime." *See* Dkt. 166, at 2, 3, 5; *see also* Dkt. 169, at 2, 5, 6. Also, he asserts that he did not know methamphetamine would be a part of the transaction.

There are a few issues with Valenzuela's argument. First, it is wholly inapplicable to a Motion to Reduce Sentence. A motion under 18 U.S.C. § 3582(c)(1)(A) is not a motion to reargue and re-adjudicate the facts of the case. It is intended to be an avenue where an individual can show new and extraordinary circumstances that justify a modification in the terms of their sentence. Valenzuela takes the opportunity to object to presentence reports and challenge the facts of the case. However, he does not address the correct issues for a reduction of his sentence.

Additionally, it seems Valenzuela lacks a clear understanding of the nature of a conspiracy. One of the apparent qualities of a conspiracy is its derivative liability; that is to say, members of the conspiracy can be punished for the illegal acts carried out by other members, despite a lack of direct involvement, so long as the act furthers the conspiracy. "We therefore apply the well-established principle that a conspiracy (is) not to be judged

MEMORANDUM DECISION AND ORDER - 6

by dismembering it and viewing its separate parts, but only by looking at it as a whole." *Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n*, 620 F.2d 1360, 1366 (9th Cir. 1980) (cleaned up). Further, "all conspirators are jointly liable for the acts of their co-conspirators." *Id.*

This means, despite being imprisoned when his co-conspirator was pulled over and caught with the drugs, Valenzuela is just as liable as his co-conspirator for the drugs. It also means that the Court will not deconstruct the conspiracy and evaluate liability based on the separate parts an individual was responsible for. The person who only made phone calls is no less liable than the person who picked up and transported the methamphetamine and marijuana. Moreover, in this case, the individual making the phone calls was the conspiracy leader, which carries with it an enhancement. Dkt. 153, at 6.

Finally, Valenzuela's argument that he did not know about the methamphetamine is unpersuasive and contradicted by the record. *See* Dkt. 153-1 at 2("Information obtained by law enforcement following an interview with a cooperating witness . . . stated the defendant [Valenzuela] called the cooperating witness from jail and asked the cooperating witness to travel to California to meet the defendant's cousin, Guillermo Nunez-Beltran, for the purpose of picking up methamphetamine and transporting it back to Idaho."). For these reasons, Valenzuela's arguments are wholly without merit to reduce his sentence.

///
///
///
///

## V. ORDER

The Court HEREBY ORDERS:

1. Valenzuela's Motion to Reduce Sentence filed in criminal and civil court (Dkt. 166 and Dkt. 186) and his Amended Motion to Reduce Sentence (Dkt. 169) are **DENIED**.

DATED: July 27, 2021

_____
David C. Nye
Chief U.S. District Court Judge